**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No.  09-cv-00278-CMA-MEH

LUKE PREACHER, and
MIKEAL GLENN STINE,

    Plaintiffs,

v.

RON WILEY, Warden ADX-Florence,
B. A. BLEDSOE, Warden USP Marion,
J. FOX, Associate Warden ADX Florence,
MARK COLLINS, Unit Manager ADX-Florence,
GEORGE KNOX, Counselor ADX-Florence,
J. MANLEY, Lieutenant ADX-Florence,
TINA SUDLOW, Case Manager ADX-Florence,
CORR. OFFICER MANSPECKER, ADX-Florence,
CORRECTIONAL OFFICER BREAM, ADX-Florence,
J. D. WALTERS, Lieutenant ADX-Florence,
CORR. OFFICER BARBARA BATULIS, ADX-Florence, and
JOHN DOE, Unknown Persons,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on Plaintiff Damani Nantambu's Motion for Recusal/Disqualification of Magistrate Judge Hegarty (Doc. # 83).   For the following reasons, the Motion is DENIED WITHOUT PREJUDICE.

    Pursuant to 28 U.S.C. §§ 144 and 455, Plaintiff contends that Magistrate Judge Hegarty should recuse or disqualify himself on the basis of bias or prejudice against Plaintiffs.  Plaintiff describes a number of facts that he contends demonstrate Magistrate Judge' Hegarty's bias and/or prejudice, but none of Plaintiff's allegations are

persuasive.  For example, Plaintiff contends that Magistrate Judge Hegarty has a "personal interest" in seeing Plaintiffs' lawsuit fail.  Plaintiff alleges that Magistrate Judge Hegarty's animus stems from Magistrate Judge Hegarty's work in previous prisoner litigation involving some of the same Plaintiffs involved in this case.  However, the fact that a judge (or in this case, a magistrate judge) has presided over a previous litigation involving similar parties, and rendered a decision against a current party in the previous case is "not sufficient to show prejudice."  *See United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977).

Plaintiff also claims that Magistrate Judge Hegarty revealed his bias when he reminded Plaintiffs that their right to access the courts may be restricted if Plaintiffs continue to submit frivolous or malicious filings.  Contrary to Plaintiff's argument, this reminder does not reflect that Magistrate Judge Hegarty has already reached a decision on the merits of Plaintiffs' claims.  Rather, Magistrate Judge Hegarty merely notified Plaintiffs that bad litigation behavior may be sanctioned by the Court.  Given the sheer number of filings Plaintiffs have lodged in this case, the Court views Magistrate Judge Hegarty's warning as entirely appropriate.

The Court can also dispose of Plaintiff's unsupported contention that Magistrate Judge Hegarty has improperly relied on *ex parte* information provided by Defendants' attorneys in this case.  Plaintiff contends that fellow inmates have attempted to sabotage this and other lawsuits by providing various *ex parte* letters to Magistrate Judge Hegarty.  However, Plaintiff has not offered one iota of evidence to support the

charge that Magistrate Judge Hegarty has improperly received, reviewed and/or relied on *ex parte* documents from Defendants in this case. Further, nothing in the record in this case lends any support to Plaintiff's allegations. Again, the fact that Magistrate Judge Hegarty became privy to certain information regarding Plaintiffs in this case by virtue of Magistrate Judge Hegarty's handling of previous litigation does not warrant disqualification. *Id.*

Accordingly, the Motion for Recusal/Disqualification (Doc. # 83) is DENIED WITHOUT PREJUDICE.

DATED: July 29, 2009.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge