IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00278-CMA-MEH

LUKE PREACHER,
MIKEAL GLENN STINE,
GEORGE SCALF,
DAMANI M. NANTAMBU,
DAVID BAXTER, and
ROBERT UTLEY,

      Plaintiffs,

v.

RON WILEY, Warden ADX-Florence,
B. A. BLEDSOE, Warden USP Marion,
J. FOX, Associate Warden ADX-Florence,
MARK COLLINS, Unit Manager ADX-Florence,
GEORGE KNOX, Counselor ADX-Florence,
J. MANLEY, Lieutenant ADX-Florence,
TINA SUDLOW, Case Manager ADX-Florence,
CORR. OFFICER MANSPEAKER, ADX-Florence,
CORRECTIONAL OFFICER BREAM, ADX-Florence,
J. D. WALTERS, Lieutenant ADX-Florence,
CORR. OFFICER BARBARA BATULIS, ADX-Florence,
LIEUTENANT C. RIVERS,
CAPTAIN KRIST, and
JOHN DOE, Unknown Person,

      Defendants.

---

## ORDER ON PENDING MOTIONS

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant Wiley's Motion to Reconsider Minute Order Allowing Second

[sic] Motion to Amend and/or Motion to Sever [docket #160], Plaintiffs' Motion for Injunctive

Order /and [sic] Request for Expedited Consideration [docket #57], Motion for Permissive

Intervention filed by Carlton O. Dunbar [docket #88], Motion for Permissive Joinder filed by Julius

Alcorn [docket #130], Motion for Permissive Joinder filed by Rodney Jones [docket #176], Defendant's Motion for Extension of Time to File Answer or Otherwise Respond [docket #112], Defendant's [second] Motion for Extension of Time to File Answer or Otherwise Respond [docket #161], and Defendant's Motion to Stay [docket #164]. The matters are sufficiently briefed[1] and the Court finds that oral argument will not assist in the disposition of the within motions.

Based upon the allegations set forth in Defendant's Motion to Reconsider raising Rule 11 concerns, the Court issued an order directing the Plaintiffs to show cause why the case should not be dismissed for a Rule 11 violation [docket #175]. The Plaintiffs timely responded on August 3, 2009 [docket #198].

For the reasons set forth below, the Court **grants in part and denies in part** the Motion to Reconsider, **denies** the Motion to Sever, **denies without prejudice** the Plaintiffs' Motion for Injunctive Order, **denies without prejudice** the Motions for Permissive Intervention/Joinder, **denies as moot** the Motions for Extension of Time, and **denies** the Motion to Stay.

I.    **Background**

On February 20, 2009, Plaintiffs Preacher and Stine filed the original Complaint in this action, then on March 12, 2009, the same Plaintiffs filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1). A month later, Plaintiffs Stine and Preacher moved to amend the Amended Complaint seeking to add four plaintiffs, two defendants and additional allegations [docket #27]. Because the case was in its very early stages (service had not yet completed nor discovery begun), the Court granted the motion to amend on April 24, 2009 [docket #33], and directed the Clerk of the Court to file the Second Amended Complaint that had been attached to the motion [*see* docket #34].

---

[1]The Court may rule on a motion at any time after it is filed. *See* D.C. Colo. LCivR 7.1C.

On June 30, 2009, this Court granted service of the Second Amended Complaint.

Defendant Wiley brought the within Motion to Reconsider on July 14, 2009, alleging that signatures of the joined Plaintiffs on the Second Amended Complaint are not authentic and were likely forged. Wiley asserts that the filing of the Second Amended Complaint (and other pleadings in this action) is in contravention of the oath listed on the complaint form and court rules. Moreover, Wiley argues that, pursuant to 28 U.S.C. § 1915(b)(1) and case law interpreting the statute, each inmate must bring a separate action in which he is required to pay the entire filing fee. Thus, Wiley asks that the Court reconsider its order granting permission to file the Second Amended Complaint and sever any plaintiff who has not paid the filing fee from this action.

## II.    Discussion

A court possesses the inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Because this case cannot proceed without a legitimate operative Complaint, the Court first addresses Defendant's challenge to the Second Amended Complaint, then will address each successive motion in turn.

### A.    Motion to Reconsider

Defendant Wiley, in his official capacity, asks that this Court reconsider its order on Plaintiffs' Motion to Amend [docket #33]. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.; see also Phelps v. Hamilton,* 122 F.3d 1309, 1324

3

(10th Cir. 1997).

Here, the Court finds that Wiley's motion falls properly under the third ground and, therefore, will reconsider the order on the Motion to Amend.

B.      Motion to Amend

Leave to amend is to be freely granted when "justice so requires." Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182. In addition, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

Wiley argues that pleadings in this case, including the Second Amended Complaint, contain false signatures of the Plaintiffs. Particularly with respect to the Second Amended Complaint, Wiley notes that the document contains a provision just above the signature line, "I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint and that the information in this complaint is true and correct." Wiley asks the Court to compare the signatures on the Second Amended Complaint with those on other filings made in this case, especially those

filed and signed by each single Plaintiff.  Wiley asserts that, given the disparities found in the signatures' appearances, along with Plaintiff Stine's history of filing documents found to be false, malicious and frivolous in other courts (including in this District), this Court should find that the signatures listed on the Second Amended Complaint are false.

Upon review of the briefing and the record in this case, the Court agrees that the signatures listed on the Second Amended Complaint [docket #34] appear not to be authentic.  The Court notes particularly the recent pleading filed by the Plaintiffs in response to this Court's order to re-file a motion for preliminary injunction signed by each Plaintiff.  *See* docket #136, July 9, 2009.  The recent pleading reflects signatures that appear to be authentic, when compared to other filings in this case made by the individual Plaintiffs.  Compare, *e.g.*,  docket #136 with dockets #2, 9, 30, 134.  Upon comparison of the recent pleading's signatures with the signatures reflected on the Second Amended Complaint, the Court concludes that it is obvious the signatures on the Second Amended Complaint are not authentic.[2]  This observation, considered together with Plaintiff Stine's history of filing false documents not only in this district but also in other courts (*see Stine, et al. v. Lappin, et al.*, Case No. 07-cv-01839-WYD-KLM, docket #344 at 16-21, listing a record of findings), leads this Court to conclude that the pleading was filed with false signatures.

Plaintiffs' response to the Order to Show Cause does not change the Court's conclusion.  Plaintiffs contend that they attested to the authenticity of the signatures on the Second Amended Complaint "under oath" during the Scheduling Conference in this matter.  This contention is without merit; no party was placed under oath during the Scheduling Conference.  In addition, the Plaintiffs

---

[2]The Court notes that a comparison of the signatures on the Second Amended Complaint with those on pleadings filed just recently by the Plaintiffs [dockets #170 and #172] also demonstrate that the signatures on the Second Amended Complaint are not authentic.

assert that this Court "has acted with biased and prejudicial actions" in issuing the Order to Show Cause.  Again, such assertion is completely without merit.

Wiley asks the Court to deny the Motion to Amend based upon the false signatures on the Second Amended Complaint; he does not argue that the Plaintiffs failed to meet the requirements of Fed. R. Civ. P. 15 or were improperly joined in violation of Fed. R. Civ. P. 20.  The motion itself is signed by the original Plaintiffs, Stine and Preacher, and Wiley does not argue that such signatures are false.  Consequently, the Court finds an insufficient basis for recommending denial of the Motion to Amend.

At the same time, the Court recognizes the seriousness of the offense of filing false pleadings with the Court.  A court certainly may not allow a pleading containing inauthentic signatures (particularly a complaint requiring signatures under penalty of perjury) to operate as the basis of a lawsuit.

Consequently, the Court believes that the prudent procedure in this case is to allow the Plaintiffs to file a proposed "Third Amended Complaint" that must be signed by each Plaintiff and must be submitted to the Court in accordance with all relevant federal and local rules.  The Court has already reminded the Plaintiffs that they may not request relief on behalf of another inmate, and has put the Plaintiffs on notice of its concern regarding false signatures and its knowledge of Plaintiff Stine's history for filing false documents.  *See* dockets #63 and #175.

Therefore, the Plaintiffs are strongly warned that any future filings in this case reflecting false signatures (as compared with the individual filings in this case) will be stricken and may be grounds for additional sanctions.  If the Court determines, or the Defendants establish, that a signature on a pleading or motion filed in this case is false, the Court will recommend that the case

be dismissed.

Once approved, the Third Amended Complaint will function as the operative pleading in this matter.  Until then, the Court warns the Plaintiffs that it will not entertain any motion filed by the Plaintiffs regarding the merits of their claims until the Third Amended Complaint is approved for filing, and that any such motion filed before approval will be stricken.

C.      Motion to Sever

In his motion, Wiley asks that the Court sever this case requiring each Plaintiff to file a separate action for which they must pay the $350 filing fee or request *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  Wiley cites the opinion in *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) and other district court cases for the proposition that the Prison Litigation Reform Act does not permit joinder of claims so as to share the court's mandatory filing fee.

The Court finds that Wiley's cited cases are distinguishable from the case at hand.  For example, in *Hubbard*, the plaintiff prisoners moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The court based its opinion on an interpretation of Section 1915(b) requiring each prisoner, who files for IFP status, to pay the entire filing fee whether as a whole or in increments. *Id.* at 1198; *see also Herschberger v. Evercom, Inc.*, 2008 WL 45693, *1 (D. Kan. Jan. 2, 2008) (prisoners who had not paid filing fee were each required to pay the full $350 filing fee); *Pinson v. Whetsel*, 2007 WL 428191, *1 (W.D. Okla. Feb. 1, 2007) (PLRA requires each plaintiff to pay the entire filing fee even if they qualify for pauper status); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (PLRA obliges prisoners in a joint action seeking to proceed *in forma pauperis* to pay one filing fee per prisoner); *Hagan v. Rogers*, – F.3d –, 2009 WL 1708084 (3d Cir. June 19, 2009) (IFP prisoners were required to pay full individual filing fee).  Essentially, the above courts have

7

determined that prisoner plaintiffs who have joined in a lawsuit and in moving for *in forma pauperis* status must each pay the $350 filing fee at some point during the litigation.  *See Hagan*, 2009 WL 1708084 at *7 (the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA).   The important difference between this case and those cited above is that the $350 filing fee has been paid here and no Plaintiff has moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the above-cited cases do not apply to this matter.

In addition, Wiley argues that it is impractical to join prisoner plaintiffs in one action based upon the difficulty the Defendants have in participating in conference calls with the Court and consulting with each Plaintiff on motions.  Wiley contends that, due to the technical limitations at this courthouse, his client was prejudiced when a representative was not allowed to participate in a court conference.  Wiley also mentions that other courts have denied joinder among inmates in light of the need for each plaintiff to sign pleadings, the potential for change in the documents as they are circulated and the possibility of coercion among inmates.

The Court finds Wiley's arguments unpersuasive at this stage of the litigation.  First, Defendants raised no argument or objection at the scheduling conference regarding the client's inability to attend; thus, the Court had no indication that the client representative intended to appear at the conference by telephone.[3]  Second, Wiley's other concerns are speculative; the Court notes that Plaintiffs' recent filings (described above) reflect what appear to be the authentic signatures of each Plaintiff, which demonstrates that the Plaintiffs are able to confer and execute motions or

---

[3]The Court's order setting the scheduling conference in this case informs parties that they must "contact Chambers at (303) 844-4507 to arrange appearance by telephone."  Docket #17.

pleadings as necessary to bring a multiple-plaintiff action.  Consequently, the Court perceives no practical impediments with joining prisoner plaintiffs at this juncture.

Since there is no application of Section 1915 in this case and joinder itself would not necessarily impede the progress of this litigation, the Court finds no basis upon which to sever the Plaintiffs in this action.  Therefore, the motion to sever is denied.

> D.    Other Pending Motions

As stated previously, the Court cannot and will not allow the Second Amended Complaint containing false signatures to stand as the operative pleading in this case.  With this in mind, the Court addresses the following pending motions.

Plaintiffs' Motion for Injunctive Order [docket #57] contains the same false signatures found on the Second Amended Complaint.  For the same reasons set forth above, the motion is denied without prejudice with leave to re-file containing authentic signatures.

Defendant's Motion for Extension of Time to File Answer or Otherwise Respond [docket #112] and Defendant's [second] Motion for Extension of Time to File Answer or Otherwise Respond [docket #161] are denied as moot.  Once the Third Amended Complaint has been approved for filing, the Court will set a deadline by which the Defendants shall answer or otherwise respond.

Because there is currently no operative pleading filed in this matter, the Motion for Permissive Intervention filed by Carlton Dunbar [docket #88], the Motion for Permissive Joinder filed by Julius Alcorn [docket #130], and the Motion for Permissive Joinder filed by Rodney Jones [docket #176] are denied without prejudice.

Similarly, Plaintiffs' Motion for Emergency TRO/Preliminary Injunction; Request for Evidentiary Hearing [docket #136] and Plaintiffs' Second Motion for Class Certification [docket

#170] both rely for their bases on an operative complaint; therefore, the motions are denied without prejudice. The Plaintiffs may re-file the motions upon the Court's approval of their Third Amended Complaint.

Finally, Defendant's Motion to Stay [docket #164], based upon the future filing of a motion to dismiss in this matter, is not ripe and is, therefore, denied.

## III.    Conclusion

Again, the Court warns the Plaintiffs that filing false documents with the Court is strictly prohibited and may be grounds for more serious sanctions, including the striking of motions and dismissal of this action. While the Court acknowledges that the consequences of this Order may briefly delay the proceedings in this matter, the Court reminds the parties that compliance with the laws and rules of this Court will ensure the just, speedy and efficient determination of the action; any repeated failure to comply may result in additional delay caused by sanctions.

Accordingly, for the reasons stated above, the Court ORDERS that

(1)    Defendant Wiley's Motion to Reconsider Minute Order Allowing Second [sic] Motion to Amend and/or Motion to Sever [filed July 14, 2009; docket #160] is **granted in part and denied in part** as set forth herein.

(2)    On or before **August 17, 2009**, the Plaintiffs shall file a proposed Third Amended Complaint in accordance with this order. The Court will not entertain any motions filed by the Plaintiffs regarding the merits of their claims until the Third Amended Complaint is approved for filing.

(3)    Plaintiffs' Motion for Injunctive Order/ and Request for Expedited Consideration [filed May 21, 2009; docket #57] is **denied without prejudice**.

(4)      Defendant's Motion for Extension of Time to File Answer or Otherwise Respond

[filed June 24, 2009; docket #112] and Defendant's [second] Motion for Extension

of Time to File Answer or Otherwise Respond [filed July 14, 2009; docket #161] are

**denied as moot**.

(5)      The Motion for Permissive Intervention filed by Carlton Dunbar [filed June 10,

2009; docket #88], the Motion for Permissive Joinder filed by Julius Alcorn [filed

July 7, 2009; docket #130], and the Motion for Permissive Joinder filed by Rodney

Jones [filed July 23, 2009; docket #176] are **denied without prejudice**.

(6)      Plaintiffs' Motion for Emergency TRO/Preliminary Injunction; Request for

Evidentiary Hearing [filed July 9, 2009; docket #136] and Plaintiffs' Second Motion

for Class Certification and Motion for Appointment of Counsel [filed July 20, 2009;

docket #170] are **denied without prejudice**.

(7)      Defendant Wiley's Motion to Stay [filed July 15, 2009; docket #164] is **denied**.

Dated at Denver, Colorado this 3rd day of August, 2009.

BY THE COURT:

Michael E. Hegarty

_____

Michael E. Hegarty
United States Magistrate Judge