IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00278-CMA-MEH

LUKE PREACHER, and
DAWANE MALLETT,

    Plaintiffs,

v.

RON WILEY, Warden ADX-Florence,
B. A. BLEDSOE, Warden USP Marion,
J. FOX, Associate Warden ADX-Florence,
MARK COLLINS, Unit Manager ADX-Florence,
GEORGE KNOX, Counselor ADX-Florence,
J. MANLEY, Lieutenant ADX-Florence,
TINA SUDLOW, Case Manager ADX-Florence,
CORR. OFFICER MANSPEAKER, ADX-Florence,
CORRECTIONAL OFFICER BREAM, ADX-Florence,
J. D. WALTERS, Lieutenant ADX-Florence,
CORR. OFFICER BARBARA BATULIS, ADX-Florence,
LIEUTENANT C. RIVERS,
CAPTAIN KRIST, and
JOHN DOE, Unknown Person,

    Defendants.

## RECOMMENDATION ON MOTION FOR RECONSIDERATION

Pending before the Court is a Motion for Reconsideration filed by Plaintiff David Baxter (a/k/a Richie Hill) [filed August 27, 2009; docket #257]. The motion has been referred to this Court for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C. The Court recommends that, for the reasons stated herein, the Motion be **granted**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider

On July 23, 2009, this Court issued an Order to Show Cause directing the Plaintiffs to demonstrate why submitting a Second Amended Complaint containing alleged inauthentic signatures did not violate Fed. R. Civ. P. 11. The Plaintiffs responded to the order; however, the Court determined that the signatures were, indeed, not authentic. Rather than imposing sanctions, the Court allowed the Plaintiffs to file a Third Amended Complaint containing only the authentic signatures of the Plaintiffs. *See* docket #201 at 6. In so doing, the Court warned the Plaintiffs that "[i]f the Court determines, or the Defendants establish, that a signature on a pleading or motion filed in this case is false, the Court will recommend that the case be dismissed." *Id.*

The Plaintiffs tendered a Third Amended Complaint for the Court's review on August 18, 2009. Docket #240. Only some of the original Plaintiffs, including Mr. Baxter, signed the tendered document. *Id.* On the same day, a motion for voluntary dismissal, allegedly signed by Mr. Baxter, was filed. Docket #239. Judge Arguello granted the motion on August 19, 2009. Docket #243. On August 25, 2009, this Court approved the Third Amended Complaint, recognizing that the action would proceed only with those Plaintiffs who had not been dismissed and who had properly signed the pleading. *See* docket #249.

In Mr. Baxter's Motion to Reconsider filed August 27, 2009, he alleges that he never wrote or filed the motion for voluntary dismissal and that "someone else have [sic] illeaglly [sic] used my

---

frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

name . . . by writting [sic] a false motion . . . that I knew nothing about." Docket #257 [brackets omitted]. A review of the motion for voluntary dismissal reveals that the motion was written in Plaintiff Mikeal Stine's handwriting. *See* docket #239, compared with dockets #5 and #13.

Based upon this information, on September 1, 2009, the Court issued an Order to Show Cause directing Plaintiff Stine to demonstrate why his conduct did not violate Fed. R. Civ. P. 11. Docket #266. The next day, the Court received a motion for voluntary dismissal filed by Plaintiffs Stine and Robert Utley. Because no answer or other response has been filed in this case, the Court construed the motion as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) and dismissed the parties from the action.

Because the Court finds that the original motion for voluntary dismissal filed on behalf of Mr. Baxter was written by Plaintiff Stine, that Mr. Stine has been found to have filed false documents in other cases,[2] that the Court in this case has found that the Second Amended Complaint (drafted by Mr. Stine) was filed with false signatures, that Mr. Baxter has drafted and signed the within motion to reconsider, and that Mr. Baxter properly signed the operative Third Amended Complaint, the Court determines that Mr. Baxter likely did not file the motion for voluntary dismissal and did not intend to remove himself from the case.

Therefore, this Court respectfully RECOMMENDS that the Motion for Reconsideration filed by Plaintiff David Baxter (a/k/a Richie Hill) [filed August 27, 2009; docket #257] be **granted**, that Mr. Baxter be reinstated as a Plaintiff in this case, and that the action proceed on the claims raised

---

[2]*See* this Court's August 3, 2009 order at docket #201; *see also Stine, et al. v. Lappin, et al.*, Case No. 07-cv-01839-WYD-KLM, docket #344 at 18-22, in which Magistrate Judge Mix lists a record of findings. Magistrate Judge Mix's Report and Recommendation was adopted by Chief Judge Daniel on September 1, 2009.

by Plaintiffs Luke Preacher, Dawane Mallett and David Baxter (a/k/a Richie Hill).

DATED: September 4, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge