IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00278-CMA-MEH

LUKE PREACHER, and
DAVID BAXTER a/k/a Richie A. Hill,

     Plaintiffs,

v.

RON WILEY, Warden ADX-Florence,
B. A. BLEDSOE, Warden USP Marion,
J. FOX, Associate Warden ADX-Florence,
MARK COLLINS, Unit Manager ADX-Florence,
GEORGE KNOX, Counselor ADX-Florence,
J. MANLEY, Lieutenant ADX-Florence,
TINA SUDLOW, Case Manager ADX-Florence,
CORR. OFFICER MANSPEAKER, ADX-Florence,
CORRECTIONAL OFFICER BREAM, ADX-Florence,
J. D. WALTERS, Lieutenant ADX-Florence,
CORR. OFFICER BARBARA BATULIS, ADX-Florence,
LIEUTENANT C. RIVERS,
CAPTAIN KRIST, and
JOHN DOE, Unknown Person,

     Defendants.

## RECOMMENDATION ON MOTION TO DISMISS

Pending before the Court is Defendants' Motion to Dismiss [filed September 8, 2009; docket #273]. The matter is briefed, and the motion has been referred to this Court for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C. The Court recommends that, for the reasons stated herein, the Motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider

## BACKGROUND

The facts of the case and lengthy procedural history have been delineated in past orders by the Court in this matter; therefore, the Court will set forth here only the relevant background as it pertains to the within motion. On July 23, 2009, this Court issued an Order to Show Cause directing the Plaintiffs to demonstrate why submitting a Second Amended Complaint containing alleged inauthentic signatures did not violate Fed. R. Civ. P. 11. The Plaintiffs responded to the order; however, the Court determined that the signatures were, indeed, false. Rather than imposing sanctions, the Court allowed the Plaintiffs to file a Third Amended Complaint containing only the authentic signatures of the Plaintiffs. *See* docket #201 at 6. In so doing, the Court warned the Plaintiffs that "[i]f the Court determines, or the Defendants establish, that a signature on a pleading or motion filed in this case is false, the Court will recommend that the case be dismissed." *Id.*

The Plaintiffs tendered a Third Amended Complaint for the Court's review on August 18, 2009. Docket #240. Only some of the original Plaintiffs actually signed the tendered document. *Id.* On August 25, 2009, this Court approved the Third Amended Complaint, recognizing that the action would proceed only with those Plaintiffs who had not been dismissed and who had properly signed the pleading. *See* docket #249. The Court ordered that Defendants file an answer or other response to the Third Amended Complaint on or before September 8, 2009. In response, Defendants

---

frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

filed the present motion.

Since the filing of the Third Amended Complaint, Plaintiffs Nantambu and Scalf were voluntarily dismissed on August 25, 2009 [docket #249], Plaintiffs Stine and Utley were voluntarily dismissed on September 3, 2009 [docket #271] and Plaintiff Mallett was voluntarily dismissed on October 13, 2009 [docket #306]. Plaintiff Baxter was dismissed when the Court unknowingly granted a forged motion for voluntary dismissal, but he has since been recently reinstated as a Plaintiff. Docket #305. Therefore, the case is currently proceeding on claims raised by Plaintiffs Preacher and Baxter in the Third Amended Complaint.

Defendants filed the within Motion to Dismiss when the case was proceeding only as to claims raised by Plaintiffs Preacher and Mallett in the Third Amended Complaint. Since Mallett has been dismissed from the case, the Court recommends that Defendants' motion to dismiss Mallett's claims be **denied as moot**.

With respect to Plaintiff Preacher, Defendants claim that the Third Amended Complaint contains false or forged signatures, that Preacher has filed false or improper documents in this case, and that *pro se* plaintiffs may not bring claims on behalf of a class. Preacher responds that he has forged no signatures in this case and did not forge any signatures on the Third Amended Complaint. With respect to the "class" claims argument and the argument that *pro se* plaintiffs may not sign on behalf of other plaintiffs, Preacher suggests that his claims be severed from Plaintiff Mallett's claims to avoid any such problems.

Upon full review of the motion and briefs, the Court notes that Defendants' motion seeks relief pursuant to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 11.[2] The documents attached to

---

[2] The Court notes that, through Rule 11, Defendants seek dismissal as a sanction rather than as a defense pursuant to Rule 12. Defendants provide no authority under which the Court may

3

the motion as exhibits were included <u>only</u> to support Defendants' Rule 11 arguments. Therefore, the Court recognizes that it mistakenly converted the motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court finds that, since Defendants do not present matters outside of the pleadings to support their Rule 12(b)(6) arguments, the Court will undertake its analysis pursuant to Rule 12(b)(6) rather than to Rule 56. *See* Fed. R. Civ. P. 12(d).

## ANALYSIS

### II.     Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on

---

address the Rule 11 arguments in a responsive motion to dismiss; nevertheless, for the sake of judicial efficiency and economy, the Court will address the Rule 11 and Rule 12(b)(6) arguments as if properly raised in a single motion.

the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.    **Failure to State a Claim**

### A.    Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Twombly* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

### B.    "Class Action" Claim

Here, Defendants argue that Plaintiffs' Third Amended Complaint was brought improperly as a "class action pursuant to Fed. R. Civ. P. rule 23" and, thus, the entire complaint should be dismissed for failure to state plausible claims. Plaintiff Preacher makes no argument that Plaintiffs' class claims (if any) must survive Defendants' request for dismissal.

The Court notes, however, that the Third Amended Complaint is simply sub-titled, "Class

Action Pursuant to Fed. R. Civ. P. Rule 23." Other than the title, there are no claims made on behalf of "others similarly situated," nor any allegations concerning the prerequisites listed under Rule 23, such as numerosity, commonality and typicality. *See* Fed. R. Civ. P. 23(a) (2009).

Nevertheless, to the extent that Plaintiffs seek to bring Rule 23 claims in this action, the Court agrees with Defendants that the Plaintiffs may not bring class claims pursuant to Rule 23. The Plaintiffs, who are not represented by counsel, may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and they are not adequate class representatives for a putative class action. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner plaintiffs may not represent fellow inmates in a class action). However, the Court does not agree that the entire complaint should be dismissed, particularly since the Plaintiffs allege no actual class-based claims. Therefore, the Court recommends that Defendants' motion to dismiss the Third Amended Complaint be **granted in part** only to the extent that it alleges class claims pursuant to Fed. R. Civ. P. 23.

### III.     Sanctions for Failure to Comply

Defendants contend that the Third Amended Complaint was filed in contravention of Fed. R. Civ. P. 11 and this Court's repeated orders concerning false signatures, alleging that Plaintiff Preacher forged Mikeal Stine's signature and that Preacher has improperly filed other pleadings and/or motions in this case with a false court seal. Attached to their request for dismissal as a sanction, Defendants provide a Declaration of Mark Collins, ADX Unit Manager, attesting that all signatures, except for Preacher's and Utley's signatures, that are reflected on the Third Amended Complaint (handwritten by Preacher) are not authentic. In support of his contentions, Mr. Collins has attached a document dated August 17, 2009, written by Preacher and addressed to Mikeal Stine

instructing Stine how to sign pleadings on behalf of other plaintiffs. Mr. Collins also has attached other documents purportedly drafted by, and containing the authentic signatures of, the individual Plaintiffs.

In response, Preacher denies that he has forged any signatures on the Third Amended Complaint and asserts that, even if he had forged Stine's signature, such forgery is of no consequence since Stine has been voluntarily dismissed from this case. *See* docket #296 at 3-4.

Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (2009) (emphasis added). This Court has already determined that the Second Amended Complaint filed by the Plaintiffs in this case contained false signatures. *See* docket #201. Taking into consideration the history of this case, including numerous motions improperly filed by Preacher on behalf of other Plaintiffs, the Court finds persuasive Mr. Collins' declaration concerning Preacher and the document drafted by Preacher instructing Stine how to sign pleadings on behalf of other Plaintiffs. The August 17, 2009, document reflects Stine's false signature as drafted by Preacher. Docket #273-3. A very similar signature appears on the operative Third Amended Complaint. Docket #251 at 26. In comparison, the Court notes different signatures for Stine appearing on a tendered third amended complaint and on other documents handwritten and filed by Stine. *See* docket #252 at 31; *see also* documents drafted and signed by Stine at dockets #212, 227, 255 and 268.

In permitting the Plaintiffs to file a Third Amended Complaint in this case, the Court strongly warned Plaintiffs against filing any future pleadings containing false signatures. The Court stated that "[i]f the Court determines, or the Defendants establish, that a signature on a pleading or

motion filed in this case is false, the Court will recommend that the case be dismissed." Docket #201 at 6-7. Here, the Court has determined that Preacher filed the Third Amended Complaint containing a false signature. In addition, the Court has stricken numerous motions filed by Preacher in contravention of the law and this Court's repeated orders directing Preacher not to seek relief on behalf of other Plaintiffs. Therefore, as a sanction for his repeated refusals to comply with federal rules and this Court's orders, the Court recommends that Defendants' motion for dismissal be **granted** and Preacher's claims dismissed.

In addition, Defendants' claim that all signatures (except Preacher's and Utley's) appear to be false on the Third Amended Complaint includes the signature of David Baxter a.k.a Richie Hill, who was recently reinstated as a Plaintiff in this matter. However, upon examination of the Third Amended Complaint and the "comparison" document provided by Defendants, which was drafted and signed by Baxter on December 29, 2008 [docket #273-10], the Court cannot discern whether Baxter's signature on the Third Amended Complaint is false. Moreover, there is no allegation that Baxter himself has filed, or attempted to file, false or improper documents in this case. Therefore, the Court recommends that Defendants' motion to dismiss, to the extent that it requests dismissal of Baxter's claims, be **denied**.

## CONCLUSION

Therefore, this Court respectfully RECOMMENDS that Defendants' Motion to Dismiss [filed September 8, 2009; docket #273] be **granted in part and denied in part** as follows:

A.   Deny Defendants' motion to dismiss Mallett's claims as moot;

B    Grant Defendants' motion to the extent that any claims raised in the Third Amended Complaint pursuant to Fed. R. Civ. P. 23 be dismissed;

C. Grant Defendants' motion to dismiss Preacher's claims;

D. Deny Defendants' motion, to the extent that it seeks to dismiss Baxter's claims; and

E. Order Defendants to file an answer or other response to Baxter's claims raised in the Third Amended Complaint.

DATED: October 14, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge