IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00278-CMA-MEH

LUKE PREACHER, and
DAVID BAXTER a/k/a Richie A. Hill,

    Plaintiffs,

v.

RON WILEY, Warden ADX-Florence,
B. A. BLEDSOE, Warden USP Marion,
J. FOX, Associate Warden ADX-Florence,
MARK COLLINS, Unit Manager ADX-Florence,
GEORGE KNOX, Counselor ADX-Florence,
J. MANLEY, Lieutenant ADX-Florence,
TINA SUDLOW, Case Manager ADX-Florence,
CORR. OFFICER MANSPEAKER, ADX-Florence,
CORRECTIONAL OFFICER BREAM, ADX-Florence,
J. D. WALTERS, Lieutenant ADX-Florence,
CORR. OFFICER BARBARA BATULIS, ADX-Florence,
LIEUTENANT C. RIVERS,
CAPTAIN KRIST, and
JOHN DOE, Unknown Person,

    Defendants.

---

## RECOMMENDATION ON MOTION TO SEVER AND RECOMMENDATION FOR DISMISSAL

---

Pending before the Court is Plaintiff Preacher's Motion to Dismiss Plaintiff David Baxter/Motion to Severe [sic] David Baxter Claim [filed October 20, 2009; docket #315]. The matter is briefed, and the motion has been referred to this Court for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1.C. The Court recommends that, for the reasons stated herein, the Motion be **granted in part and denied in part**, and that Mr. Baxter's claims be severed and dismissed from this action without prejudice. In addition, the Court recommends that

Mr. Preacher's claims be dismissed as a sanction for violation of Fed. R. Civ. P. 11.[1]

## BACKGROUND

The facts of the case and lengthy procedural history have been delineated in past orders by the Court in this matter; therefore, the Court will set forth here only the relevant background as it pertains to the within motion. On July 23, 2009, this Court issued an Order to Show Cause directing the Plaintiffs to demonstrate why submitting a Second Amended Complaint containing alleged inauthentic signatures did not violate Fed. R. Civ. P. 11. The Plaintiffs responded to the order; however, the Court determined that the signatures were, indeed, false. Rather than imposing sanctions, the Court allowed the Plaintiffs to file a Third Amended Complaint containing only the authentic signatures of the Plaintiffs. *See* docket #201 at 6. In so doing, the Court warned the Plaintiffs that "[i]f the Court determines, or the Defendants establish, that a signature on a pleading or motion filed in this case is false, the Court will recommend that the case be dismissed." *Id.*

The Plaintiffs tendered a Third Amended Complaint for the Court's review on August 18, 2009. Docket #240. Only some of the original Plaintiffs actually signed the tendered document. *Id.* On August 25, 2009, this Court approved the Third Amended Complaint, recognizing that the

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

action would proceed only with those Plaintiffs who had not been dismissed and who had properly signed the pleading. *See* docket #249. The Court ordered that Defendants file an answer or other response to the Third Amended Complaint on or before September 8, 2009. In response, Defendants filed a motion to dismiss, which was referred to this Court for recommendation. A Report and Recommendation are currently pending before the District Court on the motion to dismiss.

Since the filing of the Third Amended Complaint, Plaintiffs Nantambu and Scalf were voluntarily dismissed on August 25, 2009 [docket #249], Plaintiffs Stine and Utley were voluntarily dismissed on September 3, 2009 [docket #271] and Plaintiff Mallett was voluntarily dismissed on October 13, 2009 [docket #306]. Plaintiff Baxter was dismissed when the Court unknowingly granted a forged motion for voluntary dismissal, but he has since been recently reinstated as a Plaintiff. Docket #305. With respect to the Defendant's motion to dismiss, this Court has recommended that Plaintiff Preacher's claims be dismissed for violating Fed. R. Civ. P. 11 when he filed the Third Amended Complaint containing the false signature of Plaintiff Stine. Because the recommendation remains pending, the case is currently proceeding on claims raised by Plaintiffs Preacher and Baxter in the Third Amended Complaint.

On October 20, 2009, Preacher filed the within motion to dismiss Baxter from the action, which the Court construes as a motion to sever claims pursuant to Fed. R. Civ. P. 21. In the motion, Preacher argues first that joinder among prisoners is improper,[2] then admits that he prepared the Third Amended Complaint by attaching to it page 8-A (signature page) "from another 1983 Bivens Civil Suit with Plaintiff Baxter's signature." Docket #315 at 4.

With this information, the Court issued an order to show cause to both Preacher and Baxter

---

[2]The Court notes this argument is directly contrary to the argument made by the Plaintiffs in response to Defendant Wiley's Motion to Sever. *See* docket #182.

to explain why such conduct does not violate Rule 11.  Docket #318.  The Plaintiffs responded in a timely manner.  Preacher states that he "ripped in half page 8 of a 42 USCS § 1983 Bivens Civil Suit ... and attached to the Third Amended Complaint ... as pg. 8-A."  Docket #326 at 3.  Preacher refers to an exhibit he attached in response to Defendant's Motion to Dismiss, which appears to be a form Prisoner Complaint completed by hand, and brought by David Baxter and Dawane Mallett against "Doctor Zohn, Doctor Richter, Osagie, Corr. Officer Bream, Corr. Officer Manspeaker, and Lt. Manley."  Preacher's Exhibit A-1, docket #283-2.  Page 8 of this form Complaint is missing the signature lines.  *Id.* at 9.  The Third Amended Complaint in this case contains an attached signature page, titled page 8-A, containing only the signatures of David Baxter and Dawane Mallett.  Docket #251 at 27.  In his response, Baxter admits that he did, in fact, sign page 8-A, but states that he gave the page to Preacher.  Docket #328.

Defendants replied to the Plaintiffs' responses arguing that, since Baxter admits that he signed page 8-A and Preacher admits that he ripped the signature portion of page 8-A from a pleading in a different matter and attached it to the Third Amended Complaint in this case, both Plaintiffs should be dismissed for violations of Rule 11.  Docket #338.

## ANALYSIS

**I.      Dropping a Party and/or Severing a Claim Pursuant to Fed. R. Civ. P. 21**

Rule 21 of the Federal Rules of Civil Procedure provides, in pertinent part,

On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21 (2009).  Severance under Rule 21 creates a separate case.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991).  Rule 21 authorizes a court to drop a party or sever a claim when the claims asserted do not arise out of the same transaction or

occurrence or do not present some common question of law or fact. *See Sparks v. Foster*, 2006 WL 446081, *1 (D. Colo. Feb. 21, 2006) (unpublished).

In addition, Rule 11(a) requires that the court "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a) (2009). "Under Rule 11, the person who signs a pleading, motion or other paper filed with the court, certifies that he or she has conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the filing is well-grounded in fact and law." *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992).

Here, Preacher seems to argue that, because Baxter did not sign the Third Amended Complaint, he should be dismissed or his claims severed. Under the circumstances, the Court agrees. After notice that the Court had reason to believe he did not sign the Third Amended Complaint, Baxter did not attempt to sign the actual pleading nor argued that he signed the actual pleading, but rather simply claimed that he signed page 8-A. Further, Preacher's admission and evidence demonstrate that, in fact, Preacher ripped Baxter's signature off of another pleading and attached it to the Third Amended Complaint. The Court finds that Baxter did not sign the Third Amended Complaint, either at its filing or upon notice of the omission, as he is required to do pursuant to Rule 11(a). Therefore, Baxter is not properly a party in this action before the Court and his claims should be severed. The Court recommends that Baxter's claims be severed and dismissed without prejudice from this action.

**II.     Sanctions for Failure to Comply**

The next matter comes before the Court *sua sponte* as a result of the filing of Preacher's Motion to Sever. Based upon the information provided in that motion and in subsequent responses

to this Court's order to show cause, the Court finds that the Third Amended Complaint was filed in contravention of Fed. R. Civ. P. 11 and this Court's repeated orders concerning false signatures.

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular claim ... at issue... .'" *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). In *Ehrenhaus*, the Tenth Circuit identified factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921). Given that Preacher is proceeding *pro se,* the Court must carefully conduct its analysis and consider whether "it might appropriately impose some sanction other than dismissal [with prejudice], so that the party does not unknowingly lose its right of access to the courts...." *Nasious v. Two Unknown BICE Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 920 n. 3).

The Court notes that the standards for dismissal pursuant to Rules 41(b) and 11 are essentially the same as those utilized for discovery violations. *See Mobley v. McCormick,* 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders [and] ... involuntary

dismissals should be determined by reference to the *Ehrenhaus* criteria."). Rule 41(b) authorizes the Court to dismiss a plaintiff's claims due to his failure to comply with Court rules or orders. Fed. R. Civ. P. 41(b) (2009); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (2009) (emphasis added). Although dismissal as a Rule 11 sanction is not expressly authorized, such a dismissal "is still an appropriate sanction under certain egregious circumstances... ." *Lynn v. Roberts,* No. 01-cv-3422-MLB, 2006 WL 2850273, at *6 (D. Kan. Oct. 4, 2006) (unpublished decision). "[T]he Tenth Circuit has repeatedly recognized that a court has authority to impose the sanction of dismissal for failing to follow procedural rules ... and for failing to obey court orders." *Id.* (citations omitted). Finally, although Plaintiff is proceeding *pro se,* he is not immune from Rule 41(b) or 11 sanctions. *See, e.g., Steiner v. Concentra, Inc.,* 195 F. App'x 723, 727-28 (10th Cir. Aug. 31, 2006) (unpublished decision); *Clements v. Chapman,* 189 F. App'x 688, 692-93 (10th Cir. June 27, 2006) (unpublished decision).

This Court has already determined that the Second Amended Complaint filed by the Plaintiffs in this case contained false signatures. *See* docket #201. In permitting the Plaintiffs to file a Third Amended Complaint in this case, the Court strongly warned Plaintiffs against filing any future pleadings containing false signatures. The Court stated that "[i]f the Court determines, or the Defendants establish, that a signature on a pleading or motion filed in this case is false, the Court will recommend that the case be dismissed." Docket #201 at 6-7. This Court has already determined that Preacher filed the Third Amended Complaint containing a false signature. *See* Report and Recommendation at docket #308 and Supplement at docket #337.

Here, the Court finds that Preacher has also improperly attached a signature to the Third Amended Complaint apparently in an effort to increase the number of Plaintiffs in the action, rather than have Baxter review and sign the Third Amended Complaint himself as required by Rule 11(a). *See Coffey*, 955 F.2d at 1393-94.  In addition, despite all warnings, the Court continues to strike numerous motions filed by Preacher in contravention of the law and this Court's repeated orders directing Preacher not to seek relief on behalf of other Plaintiffs.

In evaluating the current situation under the *Ehrenhaus* factors, the Court finds actual prejudice to the Defendants in their inability to identify which claims in the Third Amended Complaint are raised by Baxter and in the undue delay of the progression of this case due to Preacher's repeated inappropriate filings; interference with the integrity of the judicial process by Preacher's filing of false signatures and his repeated filings of pleadings in contravention of Court orders; and Preacher's culpability in creating the current situation by his stated admissions that he attached signatures from another pleading to the Third Amended Complaint and that he knows he may not file any pleadings on behalf of other plaintiffs.  These factors weigh heavily in favor of dismissal.

Finally, the Court concludes that no sanction less than dismissal would be effective. Warnings to Preacher have been ignored, and the Court doubts that a monetary sanction would be effective or meaningful to Preacher.  In addition to his attempts to file pleadings on behalf of other plaintiffs, Preacher has filed numerous unauthorized documents containing false seals that purport to reflect his stature as a "court" that has the ability to order this Court to provide relief.  Despite this Court's repeated warnings and striking of such documents, Preacher continues to file them.

Therefore, as a sanction for his repeated refusals to comply with federal rules and this

Court's orders, the Court recommends that Preacher's claims be dismissed from this action.

## CONCLUSION

Therefore, this Court respectfully RECOMMENDS that Preacher's Motion to Dismiss Plaintiff David Baxter/Motion to Severe [sic] David Baxter Claim [filed October 20, 2009; docket #315] be **granted in part and denied in part**, and that Baxter's claims be severed and dismissed without prejudice from this action.  In addition, the Court RECOMMENDS that Preacher's claims be dismissed as a sanction pursuant to Fed. R. Civ. P. 11 and 41(b).

DATED: November 20, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge