**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No.  09-cv-00278-CMA-MEH

LUKE PREACHER, and
DAVID BAXTER, a/k/a Richie Hill

       Plaintiffs,

v.

RON WILEY, Warden ADX-Florence,
B. A. BLEDSOE, Warden USP Marion,
J. FOX, Associate Warden ADX Florence,
MARK COLLINS, Unit Manager ADX-Florence,
GEORGE KNOX, Counselor ADX-Florence,
J. MANLEY, Lieutenant ADX-Florence,
TINA SUDLOW, Case Manager ADX-Florence,
CORR. OFFICER MANSPEAKER, ADX-Florence,
CORRECTIONAL OFFICER BREAM, ADX-Florence,
J. D. WALTERS, Lieutenant ADX-Florence,
CORR. OFFICER BARBARA BATULIS, ADX-Florence,
C. RIVERS, Lieutenant,
KRIST, Captain, and
JOHN DOE, Unknown Persons,

       Defendants.

---

## ORDER ADOPTING AND AFFIRMING, IN PART, OCTOBER 14, 2009 AND NOVEMBER 20, 2009 RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on a Motion to Dismiss filed by Defendants Ron Wiley, J. Fox, Mark Collins, George Knox, J. Manley, Tina Sudlow, Corrections Officer Manspeaker, Corrections Officer Bream, J.D. Walters, Corrections Officer Barbara Batulis, Lieutenant C. Rivers, and Captain Krist ("Defendants' Motion to Dismiss"). (Doc. #273).  The matter is also before the Court on Plaintiff Luke Ammon Preacher's "Motion to Dismiss Plaintiff David Baxter/Motion to Severe [sic] David Baxter claim from

Luke Ammon Preacher claim(s)".  (Doc. #315).  The motions were referred to

Magistrate Judge Michael E. Hegarty, pursuant to a standing order of reference, dated

March 31, 2009.  (Doc. #16).

On October 14, 2009, in connection with Defendants' Motion to Dismiss,

Magistrate Judge Hegarty issued a Recommendation that: (a) denies Defendants'

Motion to Dismiss Plaintiff Dawane Mallett's claims as moot and denies Defendants'

Motion to Dismiss to the extent it seeks dismissal of the claims of Plaintiff David Baxter

a/k/a Richie A. Hill and (b) grants Defendants' motion to the extent it seeks dismissal of

any class action claims raised in the Third Amended Complaint pursuant to Fed. R. Civ.

P. 23 and to the extent it seeks dismissal of Plaintiff Luke Ammon Preacher's claims.

(Doc. #308 at 8-9).

On November 20, 2009, in connection with Plaintiff Preacher's Motion to

Dismiss/Motion to Sever, Magistrate Judge Hegarty issued a Recommendation to: (a)

grant Plaintiff's motion to the extent it seeks severance and dismissal (without prejudice)

of Plaintiff David Baxter's claims, due to Baxter's failure to sign the pleadings and (b) to

dismiss Plaintiff Preacher's claims as sanctions, pursuant to Fed. R. Civ. P. 11 and

41(b), for his continued practice of forging the signatures of his co-plaintiffs on

pleadings, including the instant Third Amended Complaint, even in the face of court

orders prohibiting such conduct.  (Doc. #339 at 5, 8-9).  The Recommendation is

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b).

For the following reasons, the Recommendations of Magistrate Judge Hegarty are

AFFIRMED and ADOPTED, in part.

# I.    **BACKGROUND**[1]

In this 42 U.S.C. § 1983 action, *pro se* Plaintiffs Luke Preacher and David Baxter,

a/k/a Richie Hill, both inmates at the maximum security facility in Florence, Colorado

(the "Florence Supermax Facility") at the time of the alleged actions, assert the following

violations of their constitutional rights:

- Claim 1: denial of due process and substantive due process under the Fifth and Fourteenth Amendments as a result of their transfer to the Florence Supermax Facility without notice or a hearing;

- Claim 2: violations of the Eighth Amendment protections against cruel and unusual punishment due to Defendants' refusal to: (a) provide, or allow Plaintiffs' to purchase, clothing to protect them from the winter cold and (b) allow Plaintiffs any form of exercise; and

- Claim 3: racketeering and conspiracy to violate Plaintiffs' Eighth Amendment "rights to exercise/recreation" and to "facilitate [a] criminal scheme to defraud the Government of over-time pay for themselves and other Union Members".

(Doc. #251).

This Third Amended Complaint is a byproduct of a July 23, 2009 Order to Show

Cause issued by Magistrate Judge Hegarty, following receipt of a motion by Defendant

Wiley with allegations that Plaintiffs' Second Amended Complaint contained forged

signatures.  (Order to Show Cause at Doc. #175, Defendant Wiley's Motion at Doc.

#160).  Upon receipt of this information, Magistrate Judge Hegarty also observed that

the signatures on the Second Amended Complaint are not similar to Plaintiffs'

signatures on other contemporaneously-filed documents.  (Doc. #175 at 2-3).

---

[1]  Because the facts of this case and the lengthy procedural history have been discussed in past orders, the Court presumes the parties are well-versed in the facts.  Accordingly, the Court will only set forth a limited review of the pertinent facts for the purposes of the instant Motions and magistrate judge Recommendations.

Accordingly, the court ordered Plaintiffs to demonstrate why the forged signatures should not be deemed in violation of Fed. R. Civ. P. 11, which requires that "every pleading, written motion, and other paper" be signed "by a party personally if the party is unrepresented [by an attorney]." (*Id.* at 3). The court also warned that Plaintiffs' complaint and the civil action would be dismissed without further notice, if they failed to comply with the order. (*Id.*)

Although Plaintiffs responded to the Order to Show Cause, the court determined that the Second Amended Complaint contained false signatures. (Doc. #201 at 5). Rather than imposing sanctions, the court allowed Plaintiffs to file a Third Amended Complaint "that must be signed by each Plaintiff and must be submitted to the Court in accordance with all relevant federal and local rules." (*Id.* at 6). The court again warned Plaintiffs that "any future filings in this case reflecting false signatures...will be stricken and may be grounds for additional sanctions. If the Court determines, or the Defendants establish, that a signature on a pleading or motion filed in this case is false, the Court will recommend that the case be dismissed." (*Id.* at 6-7).

Plaintiffs filed the instant Third Amended Complaint on August 18, 2009. (Doc. #251). However, the Complaint contained the purported signatures of only <u>some</u> of the Plaintiffs, namely Luke Preacher, Mikeal Stine, Robert Utley, and Dawane Mallett. Accordingly, Magistrate Judge Hegarty ruled that the action could proceed on behalf of the Plaintiffs who did sign the Complaint, but not on behalf of Plaintiffs Damani

Nantambu and George Scalf, who did not sign the Complaint.[2]  (Doc. #249 at 2).

Magistrate Judge Hegarty again reminded Plaintiffs that they "shall not file any motion

or pleading containing inauthentic or improper signatures.  If the Court determines that

any filing by the Plaintiffs contains a false or forged signature, this Court will recommend

dismissal of the case without further notice."  (Doc. #249 at 2).

### A.    Defendants' Motion to Dismiss

On September 8, 2009, Defendants filed a Motion to Dismiss claims asserted by

Plaintiffs Preacher and Mallett.  (Doc. #273).  In support of their dispositive motion,

Defendants assert that Plaintiff Preacher has forged the signatures of all Plaintiffs, with

the possible exception of Plaintiff Utley, and has filed other false documents in this

action, including documents with false seals.  (*Id.* at 4-5).  Defendants also seek

dismissal to the extent that the instant action was impermissibly filed as a "class action

pursuant to Fed. R. Civ. P. Rule 23," as set forth in the Complaint's caption.  (*Id.* at 5-6).

Finally, Defendants seek dismissal because *pro se* filing on behalf of other *pro se*

parties is precluded by 28 U.S.C. § 1654.  (*Id.* at 6).[3]

On September 15, 2009, Plaintiff Preacher filed a Response to the Motion to

Dismiss (Doc. ## 283), and Defendants filed a Reply on September 21, 2009 (Doc.

---

[2]  Plaintiffs Stine, Utley, and Mallett have also been dismissed from this action since the filing of the Third Amended Complaint.  (*See* Doc. ## 271, 306).  Plaintiff Baxter was dismissed pursuant to a Motion for Voluntary Dismissal.  (*See* Motion at Doc. #239, and Dismissal Order at Doc. #243).  Plaintiff Baxter has since been reinstated upon the Court's receipt of notice that Plaintiff Baxter's Motion for Voluntary Dismissal was forged and filed without his permission.  (*See* Reinstatement Order at Doc. #305; *See* Letter from Plaintiff Baxter at Doc. #258).

[3]  Although in his October 14, 2009 Recommendation  Magistrate Judge Hegarty discusses Fed. R. Civ. P. 11 and 12(b)(6) in his analysis of Defendants' Motion to Dismiss, the Court notes that Defendants have not explicitly filed their Motion under either Rule.

#289).  However, on September 18, 2009, Magistrate Judge Hegarty struck Preacher's

Response brief because Preacher had forged the signature of then co-Plaintiff Mallett,

who was still a party to the action at that time.  (Doc. #290).  Plaintiff Preacher re-filed

his Response on September 30, 2009.  (Doc. #296).  In pertinent part, Plaintiff asserts

that the Third Amended Complaint does not contain false signatures and that

Defendants' accusations of forgery are false.

      **B.**    **Plaintiff Preacher's Motion to Dismiss Plaintiff David Baxter/Motion
to Sever Baxter's Claims**

      On October 20, 2009, Plaintiff Preacher filed a "Motion to Dismiss Plaintiff David

Baxter/Motion to Severe [sic] David Baxter Claim from Luke Ammon Preacher

Claim(s)." (Doc. #315).  In pertinent part, Plaintiff contends that dismissal of Plaintiff

Baxter is appropriate because "Baxter did not pay [the] $350.00 filing fee." (*Id.* at 2).

Plaintiff also seeks dismissal of Baxter because "Plaintiff Preacher prepared the

handwritten Third Amended Complaint (Doc. #251). (sic) And, (Attached pg 8-A) (sic) to

the Third Amended Complaint from another '1983 Bivens Civil Suit' with Plaintiff Baxters

(sic) signature."  (Doc. #315 at 4).  Notably, page "8-A" also contains former co-Plaintiff

Mallett's hand-printed name.  (*See* Doc. #251 at 27).  In other words, Preacher readily

admits that Baxter (and Mallett) never actually signed the instant Complaint.  Plaintiff

Preacher seeks severance of Baxter's claims, so that his claims can proceed without

regard for Baxter's failure to comply with the court's filing fee requirements.  (*Id.* at 3).

      On October 23, 2009, Magistrate Judge Hegarty issued an Order to Show Cause

and directed Plaintiffs Preacher and Baxter to "demonstrat[e] why the conduct described

[in Preacher's Motion to Sever] has not violated Fed. R. Civ. P. 11 and this Court's

previous order regarding false signatures." (Doc. #318 at 2). The Order also warned the Plaintiffs that failure to comply with the Order may result in dismissal of their action without further notice.

Plaintiffs Preacher and Baxter responded to the Order to Show Cause on November 4 and 5, respectively. (Doc. ## 326 and 328). In pertinent part, they admitted that Baxter had signed the signature page at issue, but that Preacher had taken that page from a different, unrelated complaint and attached it to the Third Amended Complaint in the instant action. (*See* Doc. #326 at 3, Doc. #328). On November 18, 2009, in light of Plaintiffs' admitted misconduct, Defendants responded to the Order to Show Cause and seek dismissal of both Plaintiffs for violations of Rule 11. (Doc. #338 at 3).

## II.   STANDARD OF REVIEW

### A.   RECOMMENDATION OF MAGISTRATE JUDGE

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 10 days after the magistrate judge issues his recommendation.[4] *Id.* An objection is sufficiently

---

[4] At the time the Magistrate Judge made his Recommendations, this was the rule. Note, however, that the rules have since changed, and objections are now timely if made within fourteen days. *See* Fed. R. Civ. P. 72(a).

specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

In the instant case, Plaintiff Luke Preacher timely filed his Objections to the Magistrate Judge's October 14 Recommendation on October 26, 2009[5] (Doc. #319) and his Objections to the Magistrate Judge's November 20 Recommendation on December 7, 2009 (Doc. #340).[6] Accordingly, the Court has performed a *de novo* review.

### B. *PRO SE* PLAINTIFF

Plaintiff is proceeding *pro se.* The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations

---

[5] Plaintiff also appears to have filed additional Objections to the October 14, 2009 Recommendation on December 8, 2009. (Doc. #341). The Court will construe this as a supplement to his earlier-filed Objections (Doc. #319).

[6] Pursuant to the Federal Rules of Civil Procedure in effect at the time the instant Recommendations were issued, Plaintiff's objection period does not include intervening weekends or legal holidays. Additionally, a period of three days are added because the Recommendations were served upon Plaintiff Preacher by mail. *See* FED. R. CIV. P. 6(d).

of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

III. **ANALYSIS**

    A. **DEFENDANTS' MOTION TO DISMISS**

Plaintiff Preacher[7] appears to object[8] to Magistrate Judge Hegarty's

recommended dismissal of Preacher's claims because: (1) Defendants did not argue

that Preacher failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6) and

Magistrate Judge's Recommendation is impermissibly premised, in part, on this Rule;

(2) this *sua sponte* dismissal of his claims is improper because he was not afforded

notice or an opportunity to amend his claims and it is not "patently obvious" that

"Defendant(s) could [   ] prevail on the facts alleged"; (3) the Third Amended Complaint

does not contain false signatures; and (4) Magistrate Judge Hegarty has no authority to

rule on dispositive motions and Preacher did not consent to a magistrate's presiding

over the case.  (Doc. #319 at 5, 7, 11, and 12; Doc. # 341 at 2-3).  However, Preacher

appears to concede that the instant action was not properly brought as a class action

and asks that only his claims proceed.  (*Id.* at 10).  In his supplemental objections to

Magistrate Judge Hegarty's October 14, 2009 Recommendation, Preacher appears to

argue that, in recommending dismissal, Magistrate Judge Hegarty is "in prejudicial

violation of Title 28 U.S.C. § 636(b)(1)(A)" because he has no authority to rule on

---

[7] Plaintiff Baxter has not filed any response briefs or objections to the instant Motions and Recommendations.

[8] At the outset, the Court notes that Plaintiff Preacher's pleadings are not models of clarity or brevity.  Preacher's pleadings appear to be cluttered with redundant arguments, unnecessary repetitions of statements of law, non-sequiturs, irrelevant and unintelligible arguments, citations to irrelevant law and Rules of Evidence, and incorrect quotations from case law.  Nevertheless, the Court has liberally-construed Preacher's pleadings and gleaned from it the following-discussed pertinent arguments.  Preacher also asserts arguments under Fed. R. Civ. P. 56, which concerns motions for summary judgment.  (*See* Doc. #341 at 10).  However, those arguments are no longer relevant.  Earlier in these proceedings, Magistrate Judge Hegarty had converted Defendants' Motion to Dismiss into a Motion for Summary Judgment (Doc. #275) because Defendants apparently had submitted evidentiary materials in support of their Motion.  (*See* Doc. #273).  However, as noted in Magistrate Judge Hegarty's Recommendation, Defendants had attached exhibits in support of allegations concerning Plaintiffs' sanctionable behavior and not in support of Rule 12(b)(6) arguments.  Accordingly, Magistrate Judge Hegarty did not employ a Rule 56 analysis.  (Doc. #308 at 4).

dispositive motions and Plaintiff did not voluntarily consent to have Magistrate Judge Hegarty proceed over the case. (Doc. #341 at 2).

Plaintiff appears to make similar arguments in his Objections to Magistrate Judge Hegarty's November 20, 2009 Recommendation on Plaintiff's Motion to Sever and Recommendation for Dismissal. (*See* Doc. #340, Plaintiff's Objections to November 20, 2009 Recommendation). For the reasons discussed below, the Court finds Plaintiff's arguments lack merit and/or are irrelevant.

First, Plaintiff is correct that Defendants' dispositive motion is not premised on Rule 12(b)(6) grounds and that Magistrate Judge Hegarty's mention of the standards under that Rule was unnecessary.[9] However, Magistrate Judge Hegarty's findings and conclusions were not premised on those standards and, accordingly, his findings and conclusions were not erroneous. The substance of the October 14 Recommendation is premised upon Plaintiffs' repeated violations of court orders and rules, which prohibit the filing of pleadings with false signatures, the filing of *pro se* class actions, and *pro se* filings on behalf of other *pro se* parties.

---

[9] Plaintiff Preacher goes so far as to suggest that Magistrate Judge Hegarty's discussion of Rule 12(b)(6) was impermissible because Defendants did not present this legal theory in their motion. In support, Plaintiff attempts to quote from *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) for the proposition that "[The] court, however, will [not] supply additional factual allegations to round out a Defendant(s) [sic] <u>Motion to Dismiss</u> (Doc. 273) or construct a legal theory on Defendant(s) [sic] behalf." (Doc. #319 at 6) (modifications in the original). However, this is an incorrect quotation. *Whitney* actually states, "This court, however, will not supply additional factual allegations to round out a <u>plaintiff's complaint</u> or construct a legal theory on a <u>plaintiff's behalf</u>." 113 F.3d at 1173-74 (emphasis added). Further, the Tenth Circuit has held that *sua sponte* dismissal under Rule 12(b)(6) is permissible when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (additional quotation marks omitted)). However, as already stated, the October 14 Recommendation is not premised on a failure to state a claim.

Second, Plaintiff incorrectly characterizes Magistrate Judge Hegarty's Recommendations as *sua sponte* dismissals. The issue of dismissal as a sanction for Plaintiff's noncompliance with court orders was presented in Defendants' Motion to Dismiss. (*See* Doc. #273 at 4-5). Even if the matter was raised *sua sponte*, the Court notes that the record is replete with instances in which Plaintiff was warned of the imminent dismissal of his claims, should he continue to file pleadings with false signatures and engage in other conduct that disregards court orders and rules. Further, on August 3, 2009, Plaintiff was given the opportunity to amend his complaint for a <u>third</u> time so as to ensure that it was signed by each plaintiff and "submitted to the Court in accordance with all relevant federal and local rules." (Doc. #201 at 6). Accordingly, Plaintiff's contention that he was not afforded notice or an opportunity to amend his claims is wholly without merit.

Third, the Court has considered the signatures at the end of the Third Amended Complaint (Doc. #251 at 26-27) and the Declaration of Mark Collins (Doc. #273-1), the Unit Manager for the General Population Units at the Florence Supermax Facility, which Declaration was attached to Defendants' Motion to Dismiss. Having compared the signatures on the Third Amended Complaint with the signatures on documents attached to the Collins Declaration, as well as uncontested signatures on other documents filed with the Court in the instant action, (*See* Doc. ## 212 at 4, 227 at 6, 255 at 4, and 268), the Court is unable to determine, with certainty, that the signatures at the bottom of the Third Amended Complaint have been forged. However, as discussed above, Preacher has readily acknowledged that neither Baxter nor Mallett actually signed the instant Complaint, but that their signatures were obtained from "another '1983 Bivens Civil

12

Suit'". (*See* Doc. #315 at 4). Quite simply and clearly, Preacher's act of attaching signatures from an unrelated complaint to a complaint in this action does not comport with court orders and rules.

Finally, Plaintiff wrongly contends that Magistrate Judge Hegarty is "in prejudicial violation of Title 28 U.S.C. § 636(b)(1)(A)" because he lacks authority to rule on dispositive motions and Plaintiff did not voluntarily consent to have Magistrate Judge Hegarty preside over the case. While Plaintiff is correct that magistrate judges may not "hear and determine" dispositive matters, Plaintiff overlooks Section 636(b)(1)(B), which states:

> a judge may also designate a magistrate judge to conduct hearings...and to submit to a judge of the court proposed findings of fact and *recommendations* for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) [*i.e.*, dispositive motions]...and of prisoner petitions challenging conditions of confinement."

28 U.S.C. § 636(b)(1)(B) (emphasis added).

Pursuant to the authority granted under that statute, the Court referred these matters to Magistrate Judge Hegarty. (Docs. ## 16, 278, and 316). Pursuant to the authority granted under that statute, Magistrate Judge Hegarty issued the instant Recommendations (Doc. ## 308 and 339) and, pursuant to the procedures set forth under the statute, Plaintiff was afforded an opportunity to object to the instant Recommendations (Doc. ## 319, 340, and 341), which Objections this Court has considered upon conducting a *de novo* review of the pleadings, Recommendations, and Objections. Further, referrals to the magistrate judge under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b) are at the district judge's discretion and not subject to the parties' consent. *Compare* FED. R. CIV. P. 72(b)(1) (discussing protocol for magistrate judges'

13

handling, without the parties' consent, of "pretrial matter[s] dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement") *with* FED. R. CIV. P. 73(a) (discussing consent requirement when magistrate judge conducts trials); *see also* 14 MOORE'S FEDERAL PRACTICE, § 72.05[3] at 72-28 (Matthew Bender 3d ed. 2010) ("Unlike trials conducted by a magistrate judge pursuant to Rule 73, referral of pretrial matters to a magistrate judge under Rule 72 does not require the parties' consent.")

Accordingly, having established that Plaintiff Preacher has consistently and willfully violated court orders and rules, especially those pertaining to the filing of pleadings with false signatures, the Court next considers the appropriateness of dismissal as a sanction.

As Magistrate Judge Hegarty duly noted, dismissal for failure to comply with court rules and orders is permissible under Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "Although [Rule 41(b)] appears to contemplate that dismissal will be precipitated by a motion from the opposing party, a court may act *sua sponte* under Rule 41(b)." *Lynn v. Roberts*, No. 01-3422, 2006 WL 2850273, at *6 (D. Kan. Oct. 4, 2006) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). Additionally, dismissal as a sanction under Fed. R. Civ. P. 11 (for, as an example, filing pleadings not personally signed by each unrepresented party) "is still an appropriate sanction under certain egregious circumstances[.]" *Id.* (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003) (affirming Rule 11 dismissal in light of fraudulently asserted claims)). "[I]t is proper for the trial court to

14

impose a severe sanction where the sanction is sufficient to deter repetition of the misconduct or to deter similar conduct by third parties." *Jimenez*, 321 F.3d at 657.

Regardless of the rule, "a court has authority to impose the sanction of dismissal for failing to follow procedural rules...and for failing to obey court orders." *Lynn*, 2006 WL 2850273, at *6. Further, whether dismissal is pursuant to Rule 11 or 41(b), the below-discussed factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) apply. *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994). Notably, dismissal with prejudice is "a significantly harsher remedy" than dismissal without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). However, whether to dismiss with prejudice is a matter within a court's sound discretion. *Id.* In the instant case, the Court finds that dismissal with prejudice, under Rule 41(b), is especially appropriate because of Plaintiff Preacher's demonstrated pattern of violating court orders and rules.

As stated by the Tenth Circuit,

> The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery. Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating actors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

*Ehrenhaus*, 965 F.2d at 920-21 (internal quotations and citations omitted) (affirming dismissal with prejudice where the plaintiff was represented by counsel and "knew of

the potential consequences of his actions"). "[I]n cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the court because of a technical violation." *Id.* at n.3.

In the instant case, all the *Ehrenhaus* factors weigh strongly in favor of dismissal as a sanction. First, Defendants have been prejudiced by having to expend resources on sifting through Plaintiff Preacher's often unintelligible filings.

Second, Preacher's continuous and willful filing of pleadings with false signatures and false seals has, without question, interfered with the judicial process and vexatiously and frivolously multiplied the proceedings. In each instance that Preacher has filed documents containing false signatures, this Court has had to expend valuable time and limited judicial resources to issue Orders to Show Cause or other orders that address Preacher's flagrant violations of court orders and rules. Additionally, in less than two months, Preacher has filed no less than 12 unintelligible "orders", each bearing false court seals,[10] under his supposed judicial authority through the fictitious "Justices'

---

[10] On August 28, 2009, Magistrate Judge Hegarty issued two Minute Orders that informed Preacher of the impropriety of filing documents with false seals. (*See* Doc. #262 and 264).

Court of Colorado, In and For Freemont County".   (*See* Doc. ## 364,[11] 365,[12] 366,[13] 368[14], 369[15], 371[16], 373[17], 374[18], 375[19], 377[20], 387[21], and 401[22]).  This does not

---

[11]   Captioned as a "Rule Nisi Order" under "28 U.S.C. § 1651(b)" but later described as a "Writ of Execution" against Defendants for money damages in the amount of $10 million due to Defendants' alleged failure to respond to frivolous "Writ[s] of Garnishment (Doc. #333, 335, 351), and, "Writ of Attachment (Doc. #331, 354)".

[12]   Captioned as "Writ of Supervisory Control, Writ of Error, and Order to Show Cause," but later described as an "Independent Action Writ of Attachment" and docketed as a "Motion for Order for Right of Expatriation, Denaturalization, and Repatriation"; consists of listings of various statutes concerning naturalization and deportation and concludes with a "Certificate of Death" whereupon Plaintiff declares that he died "nunc pro tunc January 1, 1988".

[13]   Captioned as a "Rule Nisi Order to Show Cause", addressed to "President of the United States of America, Michael E. Hegarty, Christine M. Arguello, John W. Suthers, and Bill Ritter", and stating, in part, "We Command you forthwith to show cause why our mandatory transfer to a foreign country: Idaho Republic, [illegible] Indian Nation, in ancillary probate remedy should not be heard [illegible] before a specially convoked three-Justices' panel of qualified free-holders foreign Nationals of course as mandated by Act of Congress[.]"

[14]   Captioned as "Independent Action as Writ of Attachment at F.R.Civ.P. Rule 64, 65.1 Fraud - F.R.Civ.P. Rule 60 by Clerk of Court" and stating, in part, "Upon the Inherent political power of this nisi prius Court's own initiative, sua sponte, de bene esse, by Independent Action as Writ of Attachment...hereby issues and serves this Independent Action as Writ of Attachment...upon the named Defendant(s) Joe O.H. - Clerk of Court, Gregory C. Langham - Clerk of Court[.]" and calling Magistrate Judge Hegarty an "imposter".

[15]   Captioned as "All Writs Act 28 U.S.C. § 1651(b) Rule Nisi Order" and stating, in part, "By the inherent political will of this nisi prius court...It is the Final Order of this nisi prius Court by rule nisi as follows: 1) The sum certain in specie at par value...$9,707,550.00 dollars is awarded as a matter of law immediately to Plaintiff Luke Ammon Preacher, from each named Defendant(s) in their "Official/Individual/Personal Capacities."

[16]   Captioned as "Lodgings quoad hoc en banc exchequer nisi prius...Final Judgment Colorado Republic" and stating, in part, "By the inherent sovereign independent plenary political power of this court sua sponte, sui generis, lex non scripta, lex loci, lex patriae, in ancillary probate remedy of course in the Republic, by Rule Nisi Order of Final Judgment set against the joint tort-feasors and their principle criminal monopoly United States federal corporation...Mandatory treble damages are set against each named joint tort-feasor herein for the sum certain in specie at par value...$30,000,000.00 dollars with prejudice."

[17]   Captioned as "Rule Nisi Order to Show Cause Writ of Application" and stating, in part, "By the inherent sovereign independent political power in Justices' courts sua sponte of course as rule nisi Order to Show Cause...we command you to show cause post-haste why our supplemental pleading of course...should not be granted of course..." and "You, Christine M. Arguello, and Michael E. Hegarty, have only twenty-one days to show cause on all fifteen points in-law, or, upon your failure or refusal to obey our rule nisi, you will be impeached[.]"

[18]   Captioned as "Lodgings quaod hoc en banc exchequer nisi prius" and stating, in part, "The President of the United States of America to the Marshall of said District, Greeting: Whereas, it is represented to this court...that the above entitled action is for an accounting and settlement of the affairs of

---

17

include nine "Declarations"[23], seven documents docketed as "Statements"[24], and six

documents docketed as "Notices"[25] that Preacher has filed between March 8, 2010, and

the date of this Order, most of which are entirely unintelligible and whose true nature is

not discernible. By bestowing judicial power upon himself and issuing false judicial

orders, Preacher demonstrates an unwillingness to subject himself to the jurisdiction of

*this* Court. Further, in each of Plaintiff's filings, the Clerk of the Court, docketing clerks,

and law clerks have invested precious time and judicial resources to attempt to discern

and construe the nature and purpose of each filing for accurate docketing purposes.

Not only has Preacher flouted clearly-stated rules and orders, Preacher is apparently

---

a covenant of Public Office under oath...Therefore in order to prevent this injustice, we hereby command you that you do, without delay, cause the said Michael E. Hegarty, defendant, to come before you and give sufficient bail or security, in the sum of...$10,000,000.00 Dollars[.]"

[19] Appears to be a duplicate of Doc. #374.

[20] Captioned as "Rule Nisi Order" and stating, in part, "Upon the Inherent political power of this nisi prius Court's own initiative...hereby issues and serves this Fraud-F.R.Civ.P.Rule 60 by Independent Action as Writ of Attachment at F.R.Civ.P. Rule 64, 65.1, upon the named Defendant(s) Joe O.H., Gregory C. Langham, Michael E. Hegarty, Christine M. Arguello..." and calling the aforementioned individuals "imposters".

[21] Captioned as "In the alternative, Motion for Default Judgment at F.R.Civ.P. Rule 55(a), (b)(1)(2), (d). Rule nisi Order" and stating, in part, "By the inherent political power of this nisi prius court...We Declare as Final Judgment based upon Our unrebutted preponderance of the Evidence and Affidavit in the common-law side of the court duly recognizing concurrent jurisdiction in the United States District Court and non-waiver of our MANDATED Right to a duly constitutional three Justices' panel at first instance..." and "...we command you...to enter this Motion for Default Judgment rule nisi Order..."

[22] Captioned as "In the alternative, Motion for Default Judgment at F.R.Civ.P. Rule 55(a), (b)(1)(2), (d) rule nisi Order and stating, in part, "By the inherent political power of this nisi prius court...Upon the court's own initiative by rule nisi...Order to grant all available relief from each named Defendant(s) is granted to Plaintiff...in the Third Amended Complaint...as follows..."

[23] *See* Doc. ## 370, 372, 376, 378, 380, 384, 385, 386, and 400.

[24] *See* Doc. ## 381, 388, 391, 393, 394, 395, and 396.

[25] *See* Doc. ## 379, 382, 383, 390, 392, and 397.

intent on making a mockery of the judicial system. Preacher's egregious conduct and repeated defiance has interfered with "one of the principal purposes of our court systems – to provide a safe, effective forum for resolving disputes that is characterized by civility." *Lynn v. Roberts*, No. 01-3422, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). Preacher's filing tactics and penchant for referring to court employees, including judges, as "imposters" clearly undermines the effectiveness and civility of this judicial forum and is an attack on the judicial system itself. Accordingly, the second *Ehrenhaus* factor is satisfied.

The third and fourth *Ehrenhaus* factors, the litigant's culpability and court warnings in advance of dismissal, are satisfied. As already discussed, Plaintiff has received several warnings that his conduct could result in dismissal of his lawsuit, without any further warning. Nevertheless, as clearly established by the foregoing, Preacher continues to file non-comporting documents.

Finally, in light of Preacher's above-described egregious behavior, the Court finds that no sanctions less than outright dismissal, with prejudice, of Plaintiff's action would be effective or meaningful to Preacher. As with the plaintiff in *Ehrenhaus*, Preacher was well-aware of the consequences he faced if he continued to flout the Court's authority. Accordingly, the fifth *Ehrenhaus* factor is satisfied. Based on the foregoing, Preacher's actions have been willful, intentional, persistent, frivolous, and contemptuous. He has been warned on numerous occasions. Dismissal, with prejudice, is warranted. "There is a limit to how many bites even a pro se plaintiff can have at the apple" and a limit to how many chances a court can give a plaintiff to abuse the system. *See Fuentes v. Chavez*, 314 Fed. Appx. 143, 145 (10th Cir. 2009) (affirming dismissal with prejudice of

*pro se* prisoner complaint where, in violation of court orders, plaintiff continued to submit "rambling, and sometimes incomprehensible" pleadings)*; see also Steiner v. Concentra, Inc.*, 195 Fed. Appx. 723, 727-728 (10th Cir. 2006) (affirming dismissal with prejudice of *pro se* plaintiff's action on similar grounds).  Plaintiff Preacher has earned this ultimate sanction.

### B.  PLAINTIFF PREACHER'S MOTION TO DISMISS PLAINTIFF BAXTER/MOTION TO SEVER BAXTER'S CLAIMS

Having considered Plaintiff Preacher's Motion to Dismiss Plaintiff Baxter/Motion to Sever Baxter's Claims and pursuant to Fed. R. Civ. P. 11(a) and 21[26], Magistrate Judge Hegarty recommends that Baxter's claims be severed and dismissed from this action, because "Baxter did not sign the Third Amended Complaint, either at its filing or upon notice of the omission, as he is required to do pursuant to Rule 11(a)."  (Doc. #339 at 4-5).  Plaintiff does not appear to have asserted any objections to the recommended severance and dismissal of Baxter's claims.  Accordingly, upon determining that this is the correct result, this Court grants Plaintiff's Motion to the extent he seeks severance and dismissal, but denies it to the extent he seeks dismissal with prejudice.  Based on the record before the Court, Baxter does not appear to have acted in contravention of court orders or rules, or, at least, not to the extent Preacher has acted.  Given the harsh nature of dismissal with prejudice, dismissal of that nature is not warranted.

---

[26] "On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  FED. R. CIV. P. 21.

IV.  **CONCLUSION**

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1.    That Plaintiff Luke Preacher's Objections to United States Magistrate Judge Michael E. Hegarty's Recommendation on Defendants' Motion to Dismiss (Doc. ## 319 and 341) are OVERRULED;

2.    That United States Magistrate Judge Michael E. Hegarty's Recommendation on Defendants' Motion to Dismiss (Doc. #308) is AFFIRMED and ADOPTED except for its discussion of Fed. R. Civ. P. 12(b)(6), which is not the basis on which Defendants sought dismissal;

3.    That Plaintiff Luke Preacher's Objections to United States Magistrate Judge Michael E. Hegarty's Recommendation on Plaintiff's Motion to Sever and Recommendation for Dismissal (Doc. # 340) are OVERRULED;

4.    That United States Magistrate Judge Michael E. Hegarty's Recommendation on Plaintiff's Motion to Sever and Recommendation for Dismissal (Doc. # 339) is AFFIRMED and ADOPTED;

5.    That Defendants' Motion to Dismiss (f/k/a Motion for Summary Judgment) (Doc. #273) is GRANTED;

6.    That Plaintiff Luke Ammon Preacher's claims in this action are DISMISSED WITH PREJUDICE;

7.    That Plaintiff's "Motion to Dismiss Plaintiff David Baxter/Motion to Severe [sic] David Baxter claim from Luke Ammon Preacher claim(s)" is GRANTED IN PART to the extent it seeks severance and dismissal but DENIED IN PART to the extent it seeks dismissal with prejudice;

8.      That Plaintiff David Baxter's claims are severed from Plaintiff Luke

Ammon Preacher's claims and Baxter's claims are DISMISSED <u>WITHOUT</u>

PREJUDICE.

9.      That the following motions are DENIED AS MOOT:

(A)     Doc. #364: docketed as "Motion for Order"

(B)     Doc. #365: docketed as "Motion for Order"

(C)     Doc. #366: docketed as "Motion for Order"

(D)     Doc. #368: docketed as "Motion for Order"

(E)     Doc. #369: docketed as "Motion for Judgment"

(F)     Doc. #371: docketed as "Motion for Judgment"

(G)     Doc. #373: docketed as "Motion for Order"

(H)     Doc. #374: docketed as "Motion for Order"

(I)      Doc. #375: docketed as "Motion for Judgment"

(J)      Doc. #377: docketed as "Motion for Order"

(K)     Doc. #387: docketed as "Motion for Default Judgment"

(L)      Doc. #401: docketed as "Motion for Entry of Default"

DATED: April 29, 2010.

                                        BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge